OPINION
In a single assignment of error, raised pursuant to Crim.R. 12(J) and R.C. 2945.67, the state appeals from the trial court's order granting defendant-appellee Ricky M. Pugh's motion to suppress the illegal drugs obtained by a search of his automobile conducted incident to an arrest for providing a false identity to police. The trial court erred, as a matter of law, when it concluded that factual disputes in the arresting officers' subjective understandings of whether Pugh was under arrest prevented it from holding that they had authority to search Pugh's automobile. Therefore, we reverse the order granting the motion to suppress.
In the early morning hours of July 30, 1999, two Cincinnati police officers on routine patrol observed a stationary vehicle blocking traffic. The officers sounded their horn. When the vehicle failed to move, the officers turned on the cruiser's overhead lights and walked up to the car to investigate. One officer, new to the police force, asked Pugh, who was in the driver's seat, for his driver's license. Pugh was unable to produce a license, but gave the officer his social security number. The officer wrote the number down and proceeded to enter the number into the cruiser's mobile computer terminal. The number that Pugh gave belonged to a white male with suspended driving privileges. As Pugh is African-American, the officers handcuffed him and placed him in the back seat of their cruiser.
The senior officer, responsible for the field training of the junior officer, began a search of Pugh's vehicle incident to an arrest for falsification, in violation of R.C. 2921.13 It is undisputed that he found a small amount of marijuana under the front seat and then two film canisters containing cocaine residue in the glove box. While the search was being conducted, the junior officer questioned Pugh. She ultimately discovered his true identity and determined that he had driving privileges.
Pugh was indicted for possession of cocaine. He filed a motion to suppress the evidence gained from the search of his automobile. Following a hearing on the motion, the trial court found factual differences in the two officer's understandings of whether Pugh was under arrest at the time that the search was conducted. The court, noting this "fairly significant conflict" and stating that the "conflict alone is very troublesome as far as this motion," granted the motion.
In its sole assignment of error, the state argues that the trial court wrongly granted Pugh's motion to suppress, as the officers had probable cause to arrest Pugh for falsification and conducted a legal search incident to the arrest. We agree.
The test for probable cause to arrest without a warrant is whether the facts and circumstances within an officer's knowledge were sufficient to warrant a prudent individual in believing that the accused had committed or was committing an offense. See Statev. Heston (1972), 29 Ohio St.2d 152, 155-156, 280 N.E.2d 376, 379, citing Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225; see, also, State v. Deters (1998), 128 Ohio App.3d 329,714 N.E.2d 972.
Review of the trial court's findings of fact and legal conclusions entails a two-step inquiry. Here, it is unnecessary to review, for clear error, the trial court's findings of the historical facts regarding the subjective beliefs of the arresting officers. See Ornelas v. United States (1996), 517 U.S. 690, 699,116 S.Ct. 1657, 1663. As we noted in State v. Deters,128 Ohio App.3d at 333, 714 N.E.2d at 974, establishing probable cause "is a question of law. The arresting officer's subjective belief * * * in the detention of an individual is not material to the legality of the detention; the correct test is whether there was objective justification for the detention and arrest." See, also,State v. Robinette (1997), 80 Ohio St.3d 234, 236, 685 N.E.2d 762,765, relying on Whren v. United States (1996), 517 U.S. 806,812-814, 116 S.Ct. 1769, 1774. Without deference to the trial court's legal conclusion that the factual disputes between the two officers meant that the officers did not have probable cause to arrest Pugh, we now determine, from the facts identified by the trial court, whether the officers had probable cause to arrest Pugh.
Pugh contends that even if the trial court's preoccupation with the officers' differing beliefs is discounted, the application of the rule announced in State v. Brown (1992), 63 Ohio St.3d 349,353, 588 N.E.2d 113, 116, would mandate exclusion of the cocaine residue. In Brown, the Ohio Supreme Court limited the application of New York v. Belton (1981), 453 U.S. 454, 460, 101 S.Ct. 2860,2864, which held that a search incident to a custodial arrest of an occupant of an automobile may extend to the passenger compartment of the vehicle and to all containers found within that compartment. In the last sentence of it decision, the Ohio Supreme Court held the following:
 A police officer may not open a small, closed container found inside an automobile's glove compartment solely as a search incident to the driver's arrest for a traffic violation, after the officer has the suspect — and sole occupant of the vehicle under control in the police cruiser.
 State v. Brown, 63 Ohio St.3d at 353, 588 N.E.2d at 116 (emphasis added).
By its own terms, Brown does not apply to the factual situation involved in this appeal. Here, Pugh was not arrested for a "traffic violation," but rather for falsification and ultimately possession of cocaine. While his arrest developed from an investigation of a vehicle motionless in a public roadway, it was Pugh's failure to produce a valid driver's license and his action in giving the officers a false social security number that gave rise to probable cause to arrest. Unlike the situation involved in State v. Brown, the warrantless search of a vehicle following the driver's arrest for driving under the influence of alcohol, here, where the officers had reason to believe that the subject of their investigation was attempting to conceal his identity, they had a legitimate and heightened concern for their safety that validated a search of the passenger compartment of Pugh's vehicle for "a weapon or destructible evidence." Chimel v. California
(1969), 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, quoted in State v.Brown, 63 Ohio St.3d at 351, 588 N.E.2d at 114.
The facts and circumstances demonstrated in the record, though confused in some aspects, were sufficient to establish a belief in a reasonable officer that Pugh was driving without a license and had given false information of his identity to the investigating officers. See Ornelas v. United States, 517 U.S. at 696,116 S.Ct. at 1661-1662. We hold that the trial court erroneously concluded the officers lacked probable cause to arrest Pugh. The assignment of error is sustained.
Therefore, the trial court's order granting Pugh's motion to suppress is reversed, and this cause is remanded to the trial court for further proceedings consistent with the law and with this opinion.
 ___________________________ Gorman, Judge.
 Doan, P.J., and Sundermann, J., concur.